IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Toby Cason, Jr. and Robert L. Stewart, ) | Civil Action No. 2:11-2241-RMG |
| ) | |
| Plaintiffs, ) | **ORDER** |
| ) | |
| v. ) | |
| ) | |
| South Carolina State Ports Authority, ) | |
| James I. Newsome, II, Stephen E. Connor, ) | |
| Lorinda Rinaldi, and James Young, all in ) | |
| their official and individual capacities, ) | |
| ) | |
| Defendants. ) | |

In this action, Plaintiffs, both former employees of the Defendant South Carolina State Ports Authority (SPA), assert four causes of action under Title VII and 42 U.S.C. § 1983. (*See* Dkt. No. 41). On March 22, 2012, Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). The motion seeks to dismiss two of Plaintiffs' causes of action: 1) Title VII gender discrimination and 2) §1983 violation of due process. (Dkt. No. 42). Plaintiffs filed a response in opposition to the motion (Dkt. No. 49) and Defendants filed a reply (Dkt. No. 50). Magistrate Judge Bristow Marchant then filed a Report and Recommendation recommending the Court grant Defendants' motion to dismiss. (Dkt. No. 58). Plaintiffs then filed objections to the Magistrate's Report. (Dkt. No. 59). After carefully considering the record, the relevant law, and Report and Recommendation, the Court adopts in full the Magistrate Judge's Recommendation.

### I. Report and Recommendation of the Magistrate Judge

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making

1

a de novo determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

## II. Legal Standard

Fed. R. Civ. P. 12(b)(6) permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses. . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 1980). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage,

2

the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. Analysis/Discussion

#### A. § 1983 Violation of Due Process[1]

Plaintiffs' assert a claim against the named natural Defendants for alleged due process violations under 42 U.S.C. § 1983. Section 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). However, § 1983 "'is not a source of substantive rights,' but merely provides 'a method of vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (*quoting Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Therefore, Plaintiffs' claim can only proceed against the Defendants if they have asserted a viable due process claim.

Plaintiffs' due process claim is based on alleged violations by the named natural Defendants of their constitutionally protected "property" and "liberty" interests. Specifically, Plaintiffs allege that Defendants' submission of the "Notification of Separation due to Misconduct" to the Criminal Justice Academy 1) deprived them of property by withholding from them a certificate of good standing, which prevents them from obtaining any other job in law enforcement; and 2) deprived them of "liberty" by placing a stigma on Plaintiffs' reputations which has been and will continue to be disseminated to the relevant public, i.e. prospective law enforcement employers. (*See* Dkt. No. 41).

---

[1] In the Report and Recommendation, the Magistrate Judge provides a thorough and accurate discussion of the allegations. (Dkt. No. 58 at 1-5). Thus, the Court finds it unnecessary to restate the full factual background herein.

In order state a claim for deprivation of property in violation of due process, the Plaintiffs must allege 1) they had a property interest 2) of which Defendants deprived them 3) without due process of law. *Sylvia Devel. Corp. v. Calvert Cnty., Md.*, 48 F.3d 810, 826 (4th Cir. 1995). The Plaintiffs correctly concede that they have no property interest in their at-will employment, but argue that they have a property interest in their "certificates of good standing." (Dkt. No. 59 at 8). According to Plaintiffs, when Defendants sent the "Notifications of Misconduct" following their terminations to the Criminal Justice Academy ("CJA"), this resulted in an effective removal of their certifications of good standing. (Dkt. No. 41 at ¶¶ 56-59). Plaintiffs allege that a "Misconduct" separation effectively results in a removal of certification because, in order to be re-hired, the CJA must conduct a formal investigation. (Dkt. No. 41 at ¶ 58).

The Magistrate, however, recommends dismissal because the Plaintiffs did not name the correct Defendants. The Magistrate notes, even if a property interest in the certificates exists, the certificates are not revoked by the Defendants, but by the CJA. (Dkt. No. 58 at 11). Further, the Defendants are required by law to submit the report to the CJA. (Dkt. No. 58 at 11). Plaintiffs' concede this is true, but argue that since the CJA does not perform any review of a Misconduct report when receiving it, and provides it to employers upon request, that Defendants are proper parties. (Dkt. No. 59 at 5-6).

However, the Magistrate is correct to hold that it is the actions of the CJA, and not the Defendants, which deprive Plaintiffs of their certificates. In the case where a "Misconduct Report" is filed, this would occur only after an employer sought to re-hire the terminated employee and the CJA conducted an investigation. (Dkt. No. 41 at ¶ 58). Also, the Department of Public Safety is authorized to deny certification when in its judgment a candidate has engaged in misconduct. S.C. Code Regs. § 38-004. Thus, the Magistrate correctly dismissed the

4

Plaintiffs' "property" claim because the allegations of the Complaint do not establish that any named natural Defendant deprived them of a property right. *See Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002) (Plaintiff has the burden of alleging facts against a named Defendant sufficient to state a claim against that Defendant).

Similarly, the Magistrate was correct to dismiss the Plaintiffs' due process "liberty" claim. (Dkt. No. 58 at 12-13). To establish this claim, Plaintiffs must show their employer made statements regarding the employee "that: 1) placed [a] stigma on the [the employee's] reputation; 2) were made public by the employer; 3) were made in conjunction with [the employee's] termination or demotion; and 4) were false." *Newton v. S.C. Dep't of Pub. Safety*, C.A. No. 6:10-cv-01781-JMC, 2011 WL 4435761, at *3 (D.S.C. Sept. 23, 2011) (*quoting Sciolino v. City of Newport News, Va.*, 480 F.3d 642, 646 (4th Cir. 2007)). Plaintiffs allege that by sending the Misconduct reports to the CJA, the Defendants deprived them of liberty by placing a stigma on their reputations which will be disseminated to the relevant public, prospective law enforcement employers. (Dkt. 41 at ¶ 52).

The Magistrate correctly relied on other decisions from this District to hold that Defendants' submission of the Misconduct reports to the CJA were not "public" disclosures for the purposes of establishing the deprivation of a liberty interest. (Dkt. No. 58 at 12) (*citing Newton*, 2011 WL 4435761; *Bell v. Town of Port Royal*, 586 F. Supp. 2d 498 (D.S.C. 2008)). In both *Newton* and *Bell*, the Courts held that the employers' disclosures of misconduct to the CJA were not "public" for the purposes of establishing deprivation of a liberty interest. Plaintiffs argue these cases are distinguishable from the one at hand because in their case they allege that the CJA does not keep the reports confidential, but makes them available to prospective employers. (Dkt. No. 59 at 10-14). However, as the Court found in *Bell*, even if "there is some

5

evidence that the information was made public . . ., it was not the [Defendants] making that dissemination," but rather the CJA. *Bell*, 586 F. Supp. 2d at 520. Therefore, the Court finds the Magistrate correctly dismissed Plaintiffs' due process "liberty" claim.

### B. Title VII Gender Discrimination

Plaintiffs do not object to the Magistrate's recommendation to dismiss their Second Cause of Action, Title VII gender discrimination. (Dkt. No. 59 at 1). Therefore, the Court adopts the recommendation of the Magistrate to dismiss this claim as well.

### Conclusion

For the reasons discussed above, the Court **ADOPTS** the Magistrates' Report and Recommendation (Dkt. No. 58) and therefore **GRANTS** Defendants' Motion to Dismiss the Second and Third Causes of Action (Dkt. No. 42). Since the Third Cause of Action is the only claim asserted against the natural Defendants, Defendants Newsome, Connor, Rinaldi and Young are dismissed from this action. Plaintiff's First and Fourth Causes of Action are unaffected by this order.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

October _9_, 2012
Charleston, South Carolina

6