**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Toby Cason, Jr. and Robert L. Stewart, ) | Civil Action No. 2:11-2241-DCN-BM |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| South Carolina State Ports Authority, ) | |
| James I. Newsome, II, Stephen E. Connor, ) | |
| Lorinda Rinaldi, and James Young, all in ) | |
| their official and individual capacities, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This action has been filed by the Plaintiffs, both former employees of the Defendant South Carolina State Ports Authority (SPA), asserting various claims of discrimination. On March 22, 2012, the Defendants filed a motion to dismiss Plaintiffs' Second and Third Causes of Action, and by Order filed October 9, 2012, Defendants' motion was granted. Additionally, since Plaintiffs' Third Cause of Action was the only claim asserted against the natural Defendants Newsome, Connor, Rinaldi, and Young, these individuals were all dismissed as party Defendants in this case. See Order, Court Docket No. 72.

On February 25, 2013, Plaintiffs filed a motion for an entry of final judgment with respect to Plaintiffs' claims in their Third Cause of Action, pursuant to Rule 54(b) Fed.R.Civ.P. Plaintiffs seek this relief so that they can immediately appeal the Court's ruling dismissing their Third Cause of Action. Defendants filed a memorandum in opposition to the Plaintiffs' motion on March 14, 2013, following which Plaintiffs filed a reply memorandum on March 25, 2013. Plaintiffs' motion is now before the Court for disposition.[1]

---

[1] Although the merits of Plaintiffs' Third Cause of Action have already been ruled upon, the undersigned construes Plaintiffs' current motion as a dispositive motion. Therefore, a Report and
(continued...)



**Background**

Plaintiffs were both employed as lieutenants with the SPA Police Department. Both Plaintiffs were suspended from their jobs on November 3, 2009, and were subsequently terminated on December 7, 2009. After their terminations, the SPA submitted a "Notification of Separation Due to Misconduct" concerning each Plaintiff to the Criminal Justice Academy on or about December 15, 2009.

Plaintiffs allege that the State of South Carolina has established and maintains a comprehensive system of licensing for law enforcement officers employed by, or considered for employment by, the State and its subdivisions, and that a central feature of this system is certification of law enforcement officers by the South Carolina Law Enforcement Training Counsel, to be carried out through the Criminal Justice Academy. Plaintiffs further allege that, by law, no state agency or subdivision of the State of South Carolina may employ any person to carry out law enforcement duties without certification by the Criminal Justice Academy, which certification includes a determination that the candidate is a person of good character. Plaintiffs allege that a certified law enforcement officer keeps his certification as long as he remains employed by the same agency, but that if he leaves that agency, his certification becomes dormant until he seeks or obtains a law enforcement job with another South Carolina agency, at which point the process of re-certification, or his ability to obtain re-certification, depends on the separating agency's report to the Criminal Justice Academy.

Plaintiffs allege that the separating agency must report a certified law enforcement officer's separation on one of two forms used by the Criminal Justice Academy; ordinary separations (which can include violations of agency policy) are reported on a form entitled "Notification of Administrative/Routine Separation", but if the separating agency said the separation was for "misconduct", the report is on a form entitled "Notification of Separation Due to Misconduct" and

---

[1](...continued)
Recommendation is being entered for review by the Court.

2



results in withdrawal of certification. Plaintiffs allege that in the case of an "Administrative/Routine Separation", re-certification is routine when the person is considered or hired for a law enforcement job by another agency, but that in the case of a "misconduct" separation, the person cannot be re-certified without a formal investigation by the Criminal Justice Academy. Until a person is re-certified, that person cannot be hired by another law enforcement agency. Plaintiffs allege that state law also provides additional authority to the Director of the Law Enforcement Training Counsel to refuse to certify persons reported for misconduct.

Plaintiffs allege that by virtue of the foregoing provisions of law and procedure, a law enforcement officer who separates from an agency without a designation of "misconduct" is easily re-employable by other agencies as a law enforcement officer, while a law enforcement officer who separates from an agency with a designation of "misconduct" is essentially unemployable in law enforcement because his designation is not in good standing and he has been stripped of the opportunity to have a certificate reissued. Further, Plaintiffs allege that the separating agency's designation of "misconduct" and that agency's descriptions of the circumstances of separation is made available to any future prospective law enforcement employers, and both Plaintiffs allege that "on information and belief" they have been refused consideration for other law enforcement jobs because of the prospective employer's awareness of the "misconduct" designation.

In their Third Cause of Action, Plaintiffs asserted claims against the named natural Defendants for alleged "due process violations" under 42 U.S.C. § 1983. Plaintiffs due process claim is based on alleged violations by the named natural Defendants of their constitutionally protected "property" and "liberty" interests. Specifically, Plaintiffs alleged in their second Amended Complaint that by submitting the "Notification of Separation due to Misconduct" to the Criminal Justice Academy, the Defendants 1) deprived them of "liberty" by placing a stigma on Plaintiffs' reputations which has been and will continue to be disseminated to the relevant public; that is, prospective law enforcement employers; and 2) deprived them of "property" by withholding from them a certificate of good standing, which prevents them from obtaining any other job in law

3



enforcement. Plaintiffs alleged that both of these actions were taken without providing Plaintiffs with due process of law. See generally, Second Amended Complaint, ¶ ¶ 47-68.[2]

Section 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief". City of Monterey v. Del Monte Dues at Monterey, Ltd., 526 U.S. 687, 707 (1999). However, § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method of vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271 (1994), "quoting Baker v. McCollan, 443 U.S. 137, 144, n. 3 (1979). Therefore, while the natural Defendants named in the Complaint, as state employees, are all subject to suit under § 1983, this claim could only proceed if Plaintiffs sets forth a viable due process claim. Albright, 510 U.S. at 271. In their motion to dismiss, Defendants asserted, inter alia, that they were entitled to dismissal of this cause of action because Plaintiffs failed to set forth a cognizable liberty or property claim in the allegations of the Second Amended Complaint. The Court agreed, and dismissed this cause of action, as well as the named natural Defendants, who had been sued under this cause of action. Plaintiffs seek to have the Court's ruling with respect to this cause of action certified as a "final judgment" under Rule 54(b) so that they can immediately appeal this ruling to the Fourth Circuit Court of Appeals.

**Discussion**

Rule 54(b) provides that when an action presents more than one claim for relief (as in the case at bar) the Court may direct entry of a final judgment as to one or more of the claims if the Court expressly determines that there is no just reason for delay. Otherwise, any order adjudicating fewer than all of the claims in the case does not end the action as to any of the claims or parties, and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities. When deciding whether to grant a Rule 54(b) motion, the Court must first determine whether it is dealing with a "final judgment"; that is, "an ultimate

---

[2]Plaintiffs set forth how the grievance procedure they were provided allegedly failed to provide them with due process in the Second Amended Complaint, at ¶ ¶ 69-85.

4



disposition of the individual claim entered in the course of a multiple claims action", and then make a finding as to whether "there is no just reason for the delay in the entry of judgment". <u>Ashley II of Charleston, LLC v. PCS Nitrogen, Inc.</u>, No. 05-2782, 2011 WL 5827786, * 1 (D.S.C. Nov. 17, 2011) (internal citations and quotations omitted).  There is no dispute that the first criterium (that the Court is dealing with a "final judgment") is met in this case.

With respect to the second criterium, in order to determine whether there is no just reason for the delay in the entry of judgment, the Court is to consider: 1) the relationship between the adjudicated and unadjudicated claims; 2) the possibility that the need for review might or might not be mooted by future developments in the District Court; 3) the possibility that the reviewing Court might be obliged to consider the same issue a second time; 4) the presence or absence of a claim or counterclaim which could result in a set off against the judgment sought to be made final; and 5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.  <u>Id.</u>, citing to <u>Braswell Shipyards, Inc. v. Beazer East, Inc</u>., 2 F.3d 1331, 1335-1336 (4th Cir. 1993).  Further, in considering whether to grant such a motion, the Court should keep in mind that it is the movant who bears the burden of demonstrating that relief is warranted, and that certification of judgments pursuant to Rule 54(b) are (at least in the Fourth Circuit) "disfavored".  <u>Braswell Shipyards</u>, 2 F.3d at 1335; <u>Bell Microproducts, Inc. v. Global-Insync, Inc.,</u> 20 F. Supp.2d 938, 942 (E.D.Va. 1998); <u>cf</u>. <u>Clark v. Baka</u>, 593 F.3d 712, 714-715 (8th Cir. 2010)[Finding that such interlocutory appeals are "generally disfavored", and that "it is only the special case that warrants an immediate appeal from a partial resolution of an lawsuit." (Internal citations omitted)]; <u>see</u> <u>Morrison-Knudsen Co. v. Archer</u>, 655 F.2d 962, 965 (9th Cir. 1981)["Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties"], cited in <u>Braswell Shipyards</u>, 2 F.3d at 1335.

In support of certification of a final judgment on their Third Cause of Action,



Plaintiffs argue that the liberty and due process claims at issue in their Third Cause of Action are separate and distinct from the Title VII claims remaining to be litigated in the case at bar, and involve different Defendants, facts, legal issues, and relief sought. However, a plain reading of the claims set forth in Plaintiffs' Third Cause of Action shows that they are not separate and distinct from the other claims being asserted. Plaintiffs' First and Fourth Causes of Action (both asserted against the Defendant SPA under Title VII) allege that one or more of the named natural Defendants improperly suspended and then terminated their employment, not because Plaintiffs had actually engaged in any misconduct or actions which justified their discipline or dismissal, but because of race discrimination (both Plaintiffs are African American) and unlawful retaliation. In their Third Cause of Action, Plaintiffs allege that these purportedly improper and unlawful actions allegedly deprived them of "liberty" by placing a stigma on their reputations which has been and will continue to be disseminated to the relevant public (through the "Notification of Separation Due to Misconduct" sent by the Defendants to the Criminal Justice Academy as part of their unlawful actions), and deprived them of "property" by withholding from them a certificate of good standing (due to the notification they sent to the Criminal Justice Academy), thereby preventing them from obtaining any other job in law enforcement.

Hence, the allegedly unlawful and improper actions of these Defendants, the underlying merits of which are still being litigated against the SPA in Plaintiffs' remaining causes of action, provide the basis for Plaintiffs' claims against the natural Defendants in the dismissed Third Cause of Action.[3] That the underlying factual allegations supporting Plaintiffs' claims are so intertwined also raises the possibility that the need for review might or might not be mooted by future

---

[3] Plaintiffs' Third Cause of Action was dismissed by the Court because they did not have a constitutionally protected property interest in their employment for purposes of asserting such a claim, while the submission by the Defendants of the misconduct report to the Criminal Justice Academy did not constitute a deprivation of a liberty interest. See Newton v. South Carolina Department of Public Safety, et al., No. 10-1781, 2011 WL 4435761, at * 3 (D.S.C. Sept. 23, 2011)["At-will employment is not a property interest for purposes of the due process clause"]; Bell v. Town of Port Royal, South Carolina, 586 F.Supp. 2d 498, 514-521 (D.S.C. 2008) [Holding that such disclosures made to the Academy are not "public" disclosures for purposes of a liberty claim].



developments in the case in this Court (for example, if summary judgment were to be granted on Plaintiffs' Title VII causes of action).  Cf. Lowery v. Federal Exp. Corp., 426 F.3d 817, 821 (6th Cir. 2005)["This court has held that "[e]ven though different theories of liability may have been asserted, the concept of a 'claim' under Rule 54(b) denotes 'the aggregate operative facts which give rise to a right enforceable in the courts.'"](quoting McIntyre v. First Nat'l Bank of Cincinnati, 585 F.2d 190, 192 (6th Cir. 1978)); Stewart v. Gales, 277 F.R.D. 33 (D.D.C. 2011)[Denying individual Defendants' motion under 54(b)].  In the alternative, if Plaintiff appealed the grant of summary judgment, the Appellate Court might be obliged to consider the same issue Plaintiff seeks to raise now a second time.  Finally, as Defendants point out, Plaintiffs are also pursuing separate litigation in state court against these same Defendants for defamation and interference with contractual relations based on these same underlying allegations.  See Defendants' Exhibit (Court Docket No. 97-1).

Plaintiffs will be able to fully brief an appeal of any final adverse decisions rendered at the close of this case.  Therefore, they have failed to meet their burden of showing that certification for appeal is warranted at this time based on the relevant standards and factors to be considered in determining a Rule 54(b) motion.  Braswell Shipyards, 2 F.3d at 1355 [Rule 54(b) certification is the exception rather than the norm, and should not be granted routinely or as an accommodation to counsel].  Plaintiffs' motion should be **denied**.

The parties are referred to the notice page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

April 3, 2013
Charleston, South Carolina

7



### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

