IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Toby Cason, Jr.; and Robert L Stewart, | ) |
| Plaintiffs, | ) No. 2:11-cv-2241-RMG |
| vs. | ) |
| South Carolina State Ports Authority; James I Newsome, III; Stephen E. Connor; Lorinda Rinaldi; and James Young, all in their official and personal capacities, | ) **ORDER** |
| Defendants. | ) |

This matter comes before the Court on a Federal Rule of Civil Procedure 54(b) motion by Plaintiffs Toby Cason, Jr., and Robert L. Stewart, asking this Court to enter final judgment on their due process claim under 42 U.S.C. § 1983 (the "Third Cause of Action"), so that they can proceed in appealing the Court's earlier dismissal of that claim. (Dkt. No. 94). After careful review, the Court denies Plaintiffs' motion.

**Background**

The Plaintiffs in this case are both former employees of Defendant South Carolina State Ports Authority, and assert various claims of discrimination. (Dkt. No. 41). Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC, this case was referred to a United States Magistrate Judge for all pretrial proceedings. On October 9, 2012, the Court issued an order granting Defendants' motion to dismiss the Third Cause of Action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 72).

Over four months later, Plaintiffs filed this motion asking the Court to enter partial final judgment with respect to that claim. (Dkt. No. 94). Plaintiffs assert first that the Third Cause of Action is distinct from the other claims still pending in this Court, making the entry of final judgment consistent with sound judicial administration. (*Id.* at 3–4). They then argue that immediate appeal of the Third Cause of Action is proper because it would "give them the opportunity to pursue . . . reinstatement of their law enforcement certification," which, if secured, would revive their eligibility for higher-paying jobs in that field. (*Id.* at 5). Defendants responded to oppose the motion, (Dkt. No. 97), and Plaintiffs replied, (Dkt. No. 98).

On April 3, 2013, the Magistrate Judge issued his Report and Recommendation ("R&R") recommending denial of Plaintiffs' Rule 54(b) motion. (Dkt. No. 100). The Magistrate Judge observed that "the underlying factual allegations supporting Plaintiffs'" Third Cause of Action are too "intertwined" with the factual allegations underlying their other claims. (*Id.* at 6). In the Magistrate Judge's view, the overlap in the factual allegations raised "the possibility that the need for review might or might not be mooted by future developments in the case in this Court . . . ." (*Id.* at 6–7). As a result, the Magistrate Judge recommended concluding that Plaintiffs "have failed to meet their burden of showing that certification for appeal is warranted at this time." (*Id.* at 7).

Plaintiffs filed objections to the Magistrate Judge's R&R on April 9, 2013. (Dkt. No. 101). In their objections, they argued that the Magistrate Judge was mistaken in viewing the Third Cause of Action and the other claims as "not separate." (*Id.* at 1). According to Plaintiffs, the Third Cause of Action "deals solely with the report [Defendant State Ports Authority] made to the Criminal Justice Academy, and whether the [Ports Authority] provided Plaintiffs with a due process hearing before making that report," while the other claims relate to the alleged discriminatory bases for

Plaintiff's firing from the Ports Authority. (*Id.* at 1–2). Plaintiffs argue further that the asserted factual grounds for the reports to the Criminal Justice Academy ("CJA") differ from those cited as a basis for Plaintiffs' termination. Specifically, the CJA reports cite "dishonesty" during the Ports Authority's internal investigation as a grounds for Plaintiffs' decertification, while the terminations themselves were based on separate allegations contained in Ports Authority disciplinary action notices for the two Plaintiffs. (*Id.* at 2).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Thus, this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

Plaintiffs move for entry of partial final judgment under Federal Rule of Civil Procedure 54(b), which "permits a district court to enter final judgment as to one or more but fewer than all claims in a multiclaim action, thus allowing an appeal on fewer than all claims in a multiclaim action." *McCorkle v. Bank of Am. Corp.*, 688 F.3d 164, 170 n.6 (4th Cir. 2012) (quoting *Braswell Shipyards, Inc. v. Beazer E., Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993)); *see* Fed. R. Civ. P. 54(b).

In deciding whether to enter partial final judgment under Rule 54(b), the court follows a two-step process. *See MCI Constructors, LLC v. City of Greensboro*, 610 F.3d 849, 855 (4th Cir. 2010) (citing *Braswell*, 2 F.3d at 1335). "First, the district court must determine whether the judgment is final . . . in the sense that it is an ultimate disposition of an individual claim entered in the course of

-3-

a multiple claims action." *Id.* (citations and quotations marks omitted).[1] "Second, the district court must determine whether there is no just reason for the delay in the entry of judgment." *Id.*

In determining whether there is no just reason for delay in the entry of judgment, the court considers what course is "in the interest of sound judicial administration," *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980), looking to the following factors, if applicable:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment to be made final;[2] (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*MCI Constructors*, 610 F.3d at 855 (quoting *Braswell*, 2 F.3d at 1335–36).

## Discussion

The Court has reviewed the Magistrate Judge's analysis in the Report and Recommendation, as well as Plaintiff's objections to the R&R, and concludes that the Magistrate Judge correctly applied the relevant law to the operative facts in this matter.

First, the Court agrees with the Magistrate Judge, (Dkt. No. 100 at 5) and the parties, (Dkt. Nos. 94-1 at 4, 97 at 2), that the dismissal of the Third Cause of Action constitutes a final judgment

---

[1] *See also* 28 U.S.C. § 1291; *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956); *Catlin v. United States*, 324 U.S. 229, 233 (1945) (stating that an order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment").

[2] "On this factor, the Supreme Court has explained 'that counterclaims, whether compulsory or permissive, present no special problems for Rule 54(b) determinations; counterclaims are not to be evaluated differently from other claims.' Like other claims, the Court has explained, 'their significance for Rule 54(b) purposes turns on their interrelationship with the claims on which certification is sought." *MCI Constructors*, 610 F.3d at 855 n.3 (quoting *Curtiss-Wright Corp.*, 446 U.S. at 9).

"in the sense that it is an ultimate disposition of an individual claim." *MCI Constructors*, 610 F.3d at 855 (citation and quotations marks omitted).

Second, the Court concludes that there is just reason for declining, at this point, to enter judgment on Plaintiffs' Third Cause of Action. *See id.* The primary basis for that conclusion is that the "adjudicated" Third Cause of Action, in which it is alleged that Plaintiffs were not afforded due process before Defendants reported misconduct to CJA, overlaps in substance with the unadjudicated claims. *See id.* Plaintiffs vigorously contest that point. They argue that the factual allegations supporting the Third Cause of Action are distinct from the facts pertaining to the unadjudicated claims, which are brought against only Defendant Ports Authority and rest on racial discrimination and retaliation in Plaintiffs' termination, not on the submission of the CJA reports. (Dkt. No. 101). Plaintiffs also argue that the damages flowing from the claims are distinct. (Dkt. No. 94-1 at 4).

Plaintiffs' argument is correct, as far as it goes. The claims are in some ways distinct, being brought against different defendants, resting on alleged conduct occurring at different times and producing different harms. Nevertheless, the adjudicated and unadjudicated claims are still highly factually related because they hinge on actions allegedly taken by the same, or at least many of the same, individuals. For the unadjudicated claims, Plaintiffs allege that "at least" Defendants Rinaldi and Young were involved in the investigation that led to Plaintiffs' termination, and "knew that the stated reasons for terminating both Plaintiffs were false and pretextual." (Dkt. No. 41 at 5–7). Then, in the adjudicated claim, Plaintiffs allege the reports submitted to the CJA "were signed by Defendant Rinaldi and . . . were approved by one or more of the other Named Individual Defendants." (*Id.* at 7). In other words, though the defendants in the adjudicated and unadjudicated claims are different, all the claims stem from the alleged malfeasance of the same individual

-5-

Defendants. Thus, whether directly or by common inferences, the claims "appear to implicate much the same evidence—and the legal issues can scarcely be viewed in isolation from each other." *Spiegel v. Trustees of Tufts College*, 843 F.2d 38, 45 (1st Cir. 1988) (dismissing the appeal of claims against a college for denying a professor tenure, while a claim against individual faculty members involved in the tenure process remained unadjudicated, on ground that Rule 54(b) certification was improperly given).

At the same time, the Court does not find substantial countervailing force in the other factors to be considered when determining whether there is "no just reason for delay" in entering partial final judgment. Though the Third Cause of Action was dismissed on October 9, 2012, (Dkt. No. 72), Plaintiffs did not file this Rule 54(b) motion until February 25, 2013, (Dkt. No 94). This unexplained four-month pause weighs against Plaintiffs' assertion that delaying appeal of this claim will cause them undue economic injury and hardship. *See MCI Constructors*, 610 F.3d at 855.

Further, the Court finds it relevant that there is now a motion for summary judgment pending on the unadjudicated claims. (Dkt. No. 103). If this Rule 54(b) motion were denied, and summary judgment were granted to Defendants on the remaining claims, the entire action would be appealable fairly soon. However, if this Rule 54(b) motion were granted, and then subsequently summary judgment were granted to Defendants and appealed, it is possible that the Fourth Circuit would be obliged to consider some of these same factual issues a second time.

For these reasons, the Court concludes that the "interest of sound judicial administration" is best served by keeping together the adjudicated and unadjudicated claims, *Curtiss-Wright*, 446 U.S. at 8, and that therefore there is "just reason" to delay certifying final judgment with respect to Plaintiffs' Third Cause of Action, *MCI Constructors*, 610 F.3d at 855.

## Conclusion

Accordingly, the Court DENIES Plaintiffs' motion for partial final judgment under Rule 54(b). (Dkt. No. 94).

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Judge

Charleston, South Carolina
April 3̲0̲, 2013