IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

2014 FEB 14  A 9:32

| | |
|---|---|
| TOBY CASON, JR. and ROBERT L. STEWART, ) ) ) | |
| Plaintiffs, ) ) | No. 2:11-cv-2241-RMG |
| vs. ) ) | **ORDER** |
| SOUTH CAROLINA STATE PORTS AUTHORITY, ) ) ) | |
| Defendant. ) ) ) | |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 117), recommending that Defendant's Motion for Summary Judgment be granted with respect to Plaintiffs' race discrimination claim and denied with respect to Plaintiffs' Title VII retaliation claim. For the reasons stated below, the Court ADOPTS the R & R, as modified. Accordingly, Defendant's Motion for Summary Judgment (Dkt. No. 103) is GRANTED IN PART and DENIED IN PART.

## I. BACKGROUND[1]

Plaintiffs, both African-American, were employed by Defendant as security officers for a number of years. Plaintiffs regularly received good employment evaluations. In response to a public resignation letter by a disgruntled employee, the Police Chief of Defendant met with employees who complained that Plaintiffs engaged in sexual harassment, yelled and cursed at

---

[1] The Magistrate Judge laid out the facts and evidence supporting them in the R & R, which neither party objected to and which the Court adopts. (Dkt. No. 117 at 2-4, 9-12). The Court sees no need to repeat the details here and only gives a brief overview.

subordinates and showed favoritism. Following an investigation, Defendant terminated Plaintiff Cason for violating Defendant's harassment policy and other acts of insubordination and terminated Plaintiff Stewart for using offensive or abusive language on the premises, violating Defendant's harassment policy, and other acts of insubordination. Plaintiffs then filed this suit, alleging disparate treatment race discrimination and Title VII retaliation claims.

The Magistrate Judge recommended that summary judgment be granted to Defendant on the disparate treatment claims, finding that Plaintiffs had not established a *prima facie* case that they were terminated under circumstances giving rise to an inference of unlawful race discrimination and that Plaintiffs had not established a basis for relief under a mixed-motive analysis. (Dkt. No. 117 at 8, 15). Plaintiffs have not filed an objection the R & R. (*See* Dkt. No. 119 at 1). Defendant does not object to the Magistrate Judge's recommendation regarding the disparate treatment claim, but objects to his finding that Plaintiffs established the second prong of a *prima facie* case, namely that their job performance was satisfactory. (Dkt. No. 118 at 5).

The Magistrate Judge recommended that Defendant's summary judgment motion be denied on Plaintiffs' Title VII retaliation claims, finding that Plaintiffs had established *a prima facie* case and that while the Defendant had set forth a legitimate, non-discrimatory reason for terminating Plaintiffs' employment, sufficient evidence of pretext was shown to avoid summary judgment. (Dkt. No. 117 at 18-22). Defendant objects to this recommendation arguing that Plaintiffs did not engage in protected activity and that Plaintiffs failed to establish they would have been fired "but for" the alleged protected activity. (Dkt. No. 118 at 2-5).

## II. LEGAL STANDARD

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b). As to portions of the R & R to which no specific objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ. P 72 advisory committee note). Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

## III. DISCUSSION

### A. Disparate Treatment Claim

Neither party objects to the Magistrate Judge's recommendation that summary judgment be granted on this claim, to the Magistrate Judge's finding that Plaintiffs have not established a *prima facie* case that they were terminated under circumstances giving rise to an inference of unlawful race discrimination under a *McDonnell Douglas* analysis, or to the Magistrate Judge's finding that Plaintiffs had not established a basis for relief under a mixed-motive analysis. The Court finds that the Magistrate Judge applied the correct law to the operative facts in finding that

Plaintiffs had not established a basis to survive summary judgment on this claim, and thus adopts these portions of the R & R and grants summary judgment on this claim.

The only objection to this portion of the R & R is Defendant's objection to the Magistrate Judge's finding that Plaintiffs had established that they were performing their jobs satisfactorily. Because the Court need not resolve this issue to grant summary judgment, the Court declines to reach the issue and modifies the R & R to exclude this finding.[2]

**B. Retaliation Claim**

In order to establish a *prima facie* claim of retaliation in violation of Title VII, a plaintiff must show that "1) the employee engaged in protected activity; 2) the employer took adverse employment action against the employee; and 3) a causal connection existed between the protected activity and the adverse action." *Munday v. Waste Mgmt. of North Am., Inc.*, 126 F.3d 239, 242 (4th Cir. 1997). "The employer may then rebut the prima facie case . . .by showing that there was a legitimate non-discriminatory reason for the adverse action . . . after which the burden shifts back to the plaintiff to show that those reasons are pretextual." *Id.* (internal citations omitted).

1. Protected Activity

The first dispute is whether Plaintiffs engaged in a protected activity. Under Plaintiffs' theory of the case, they were fired for telling their subordinates that the Police Chief discriminates against blacks. (*See* Dkt. No. 106 at 23). While Plaintiffs both deny that they made such comments to subordinates (*see* Dkt. No. 117 at 18 n.15), Plaintiffs argue that

---

[2] Specifically, the Court modifies Section I of the R & R to exclude the paragraph that begins on page 7 and ends on page 8. The Court otherwise adopts Section I of the R & R in its entirety.

Defendant believed that Plaintiffs made such comments and that this belief was the motivation for their termination. (*See* Dkt. No. 106 at 23-24). The Magistrate Judge found such a perception theory of retaliation viable and that there was an issue of fact as to whether Defendant believed such comments were made. (Dkt. No. 117 at 18-19). Defendant does not object to these two findings. (*See* Dkt. No. 118 at 2). And as an initial matter, the Court agrees with Magistrate Judge's finding that a plaintiff can state retaliation claim based on the perception theory. (*See* Dkt. No. 117 at 18 n.15 (citing cases)).

However, Defendant objects that the underlying activity–telling subordinates that the Police Chief treats black and whites differently–is not protected activity.[3] Defendant is correct that if the activity perceived by Defendant is not protected, then there is no retaliation claim. *See Fogleman v. Mercy Hosp., Inc.*, 283 F.3d 561, 572 (3d. Cir. 2002) ("[W]e hold that if [plaintiff] can show . . . that adverse action was taken against him because [Defendant] *thought that he was . . . engaging in protected activity*, it does not matter whether [Defendant's] perception was factually correct.") (emphasis added). Thus, the question is whether it is protected activity for Plaintiffs to tell their subordinates that the Police Chief discriminates against blacks.

An employer may not take adverse employment action against an employee for "opposing discriminatory practices in the workplace." *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 259 (4th Cir. 1998). To determine whether an employee has engaged in protected opposition activity, the Fourth Circuit engages in a balancing test, "balancing the purpose of the Act to protect persons engaging reasonably in activities opposing discrimination, against

---

[3] The Magistrate Judge stated that "the undersigned cannot find as a matter of law that such conduct does not constitute protected activity." (Dkt. No. 117 at 19).

Congress' equally manifest desire not to tie the hands of employers in the objective selection and control of personnel." *Kubicko v. Ogden Logistics Servs.*, 181 F.3d 544, 551 (4th Cir. 1999) (internal quotes omitted). Using this test, the Fourth Circuit has found that complaining to one's employer, participating in informal grievance procedures, "staging informal protests and voicing one's opinions in order to bring attention to an employer's discriminatory activities" constitute opposition activity. *Id.*

While the Fourth Circuit has not addressed the issue, other courts have found that complaining to one's co-workers constitutes protected activity, as long as those comments are passed on to management. *Neiderlander v. Am. Video Glass Co.*, 80 Fed. App'x 256, 260-61 (3d. Cir. 2003); *Mondaine v. Am. Drug Stores, Inc.*, 408 F.Supp.2d 1169, 1190 (D. Kan. 2006). The EEOC manual also states that "[c]omplaining to anyone about alleged discrimination against oneself or others" constitutes protected activity. EEOC Complaince Manual § 8-II-B(2); *see also Crawford v. Metro. Gov't of Nashville and Davison County, Tenn.*, 555 U.S. 271, 276 (2009) (citing *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 399 (2008)) (stating EEOC compliance manuals "reflect a body of experience and informed judgment to which courts and litigants may properly resort for guidance") (internal quotations omitted). The Court finds that the Fourth Circuit's balancing test results in the same conclusion. As the *Mondaine* court explained:

> In either case, the employer knows the same information, i.e. that the employee has complained of discrimination. To protect the employee who is willing to directly complain to superiors but not the one who complains to a co-worker who reports the complaint to superiors does not seem to advance the purposes of the anti-retaliation laws.

*Mondaine v. Am. Drug Stores, Inc.*, 2006 WL 626045 at *2 (D. Kan. Jan 26, 2006). Thus, the Court finds that complaints made to co-workers, including subordinates, and then passed on to

management are protected activity, and Plaintiffs have met the first prong of establishing a *prima facie* case.

### 2. But-for Causation

Defendant next objects that Plaintiffs cannot meet the third prong of their *prima facie* case for retaliation or establish that Defendant's proffered reason for their termination was pretextual. The Supreme Court recently held that to prevail on a Title VII retaliation claim, a plaintiff "must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2534 (2013). Showing that retaliation was one of the employer's motives, even a substantial one, is not sufficient. *Id.* However, this standard "does not require proof that retaliation was the only cause of the employer's action, but only that the adverse action would not have occurred in the absence of the retaliatory motive." *Zann Kwan v. Andalex Group LLC*, 737 F.3d 834, 846 (2d. Cir. 2013).

*Nassar* does not affect the third prong of a *prima facie* case under the *McDonnell Douglas* framework–Plaintiffs must simply show a causal connection existed between the protected activity and the adverse action. *See Zann Kwan*, 737 F.3d at 845 ("[T]he but-for causation standard does not alter the plaintiff's ability to demonstrate causation at the prima facie stage on summary judgment or at trial indirectly through temporal proximity."); *Shumate v. Selma City Bd. of Educ.*, 2013 WL 5758699 at *1 (S.D. Ala. Oct. 24, 2013) (holding that on the point of whether plaintiff has made a *prima facie* case, "*Nassar* does not change the analysis"). Plaintiffs have done this. Considered in the light most favorable to Plaintiffs, the fact that Defendant chose to raise the issue of whether Plaintiffs complained about discrimination in

interviews with Plaintiffs, even though it was not in any of the sworn witness statements or deposition testimony and only mentioned in one employee interview, raises an inference that there is a casual connection between the protected activity and Plaintiffs termination.

However, in contrast to Plaintiffs' *prima facie* case, *Nassar* does effect the Court's pretext analysis. To survive summary judgment, Plaintiffs must present evidence from which a reasonable jury could conclude that Defendant terminated them because of Defendant's belief that they told subordinates that the Police Chief discriminated against blacks and would not have terminated them otherwise. *See, e.g., Zann Kwan*, 737 F.3d at 846; *Hobgood v. Ill. Gaming Bd.*, 731 F.3d 635, 643 (7th Cir. 2013); *Rattigan v. Holder*, - - - F. Supp. 2d - - - -, 2013 WL 5834481 at *9 (D.D.C. 2013). Defendant has put forward testimony by Defendants' employees and Plaintiffs' subordinates that Plaintiffs engaged in behavior that can be viewed as sexually discriminatory and/or creating a sexually hostile work environment and that Plaintiffs had engaged in behavior that could be viewed as insubordination. These are legitimate, non-discriminatory reasons for terminating Plaintiffs.

However, Plaintiffs have also put forward evidence of pretext. In Cason's polygraph examination, only three relevant test questions were used in the examination, one of which was "[h]ave you made comments to subordinates that the Chief discriminates against black officers?" (Dkt. No. 106-19 at 5). *None* of the three questions used in the polygraph involved sexual comments. (*Id*). Other officers were also accused of making inappropriate sexual comments (Dkt. No. 103-31 at 4), and they were not terminated. While these officers were not lieutenants, as Defendant points out, the fact that they were not terminated is part of a "mosaic . . . from which an inference of retaliatory intent could be drawn." *Hobgood*, 731 F.3d at 643. Similarly,

the Court does not believe that a reasonable jury could infer Plaintiffs were terminated for retaliation based *solely* on the fact that they were asked about their comments in an interview by the Police Chief. However, this bit of evidence must be combined with the fact that the issue was only raised by one witness and even then not in sworn testimony, combined with the fact that Cason was questioned on this topic in his polygraph examination but not questioned on the conduct which could constitute sexual harassment, and combined with the fact that other officers accused of sexual harassment were not terminated. The Court agrees with the Magistrate Judge that viewed in the light most favorable to Plaintiffs and taking all inferences in their favor, a reasonable jury could find that the protected conduct "was the tipping point that swayed the Defendant to terminate Plaintiffs' employment (i.e., the 'but for' criterion) instead of imposing some lesser punishment." (Dkt. No. 117 at 21). Therefore, the Court denies Defendant's motion for summary judgment on this claim.

## IV. CONCLUSION

For the reasons stated above, the Court **ADOPTS** the R & R, as modified. Accordingly, Defendant's Motion for Summary Judgment (Dkt. No. 103) is **GRANTED** as to Plaintiffs' race discrimination claim (First Cause of Action) and **DENIED** as to Plaintiffs' retaliation claim (Fourth Cause of action).

**IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

February 14, 2014
Charleston, South Carolina